CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 07 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY MARTIN, | ) |
|     Petitioner, | ) Civil Action No. 7:07CV00183 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, | ) By: Hon. James C. Turk |
|     Respondent. | ) Senior United States District Judge |

Petitioner Troy Martin ("Martin"), a federal inmate proceeding pro se, brings this action as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with jurisdiction vested under 28 U.S.C. § 1331. Martin asserts that the Bureau of Prisons ("BOP") has not properly executed a sentence of twenty-seven (27) months imprisonment imposed on him by the United States District Court in the Eastern District of Virginia on November 6, 1992. Upon review of the record, the court concludes that Respondent's Motion to Dismiss must be granted, as Martin failed to exhaust administrative remedies.

The Respondent filed a motion to dismiss or in the alternative, a motion for summary judgment.[1] The court notified Martin of Respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised Martin that his failure to reply to the Respondent's motions may result in dismissal and/or summary judgment being granted for the Respondent. Martin has now filed a response to Respondent's motion, thus, the matter is ripe for disposition.

On April 25, 1985, the District of Columbia Superior Court sentenced Martin to life in

---

[1] The Respondent's motion argues that Martin failed to exhaust administrative remedies, pursuant to 42 U.S.C. §1997e(a), and that the claims were without merit. Because the motion incorporates affidavits, the court must address this motion under the summary judgment standard, pursuant to Fed. R. Civ. P. 12(b) and 56.

prison with eligibility of parole for burglary and felony murder, pursuant to the D.C. Code Ann. §§ 22-801 and 22-2101. On November 6, 1992, while incarcerated, Martin received a sentence of twenty-seven (27) months imprisonment, to run consecutively to his life sentence, for possession of heroin as a prisoner, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 53.1-203(5).

In his § 2241 petition, Martin argues that, according to the judgment order entered in his federal case, the BOP should have started his 1992 sentence running on the day that it was imposed. Martin points to pre-printed language on the judgment order, stating that, on the date of sentencing, he was remanded to the custody of the United States Marshal. Martin interprets this language to indicate that on November 6, 1992, his federal sentence was to begin running concurrently with his D.C. sentence.

The Supreme Court has expressly held that a district court does not have the jurisdiction to make the initial determination to award sentence credit for time spent in official detention. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). Rather, the Attorney General, through the Bureau of Prisons, is to make that determination. Id. Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the district court through a § 2241 petition. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Thus, until an inmate has exhausted his administrative remedies through the BOP regarding a question concerning the calculation of his term of confinement, a district court has no jurisdiction to address his claims.

The BOP has established a three-tiered administrative remedy process through which an

2

inmate may seek formal review of any issue which relates to any aspect of their confinement. It is well established that a federal inmate must first exhaust administrative remedies before filing a § 2241 petition challenging the computation of his sentence. 28 C.F.R. § 542.10 et seq. In order to exhaust his administrative remedies, Martin must have first pursued an informal resolution by informing the correctional facility staff of his issue of concern. 28 C.F.R. § 542.13. Next, Martin must have submitted a formal Administrative Remedy Request to the correctional facility warden. 28 C.F.R. § 542.14. Finally, Martin must have appealed the warden's decision on the appropriate form to the regional director. 28 C.F.R. § 542.15.

In this case, it is clear from the exhibit[2] filed with Respondent's Motion to Dismiss, that Martin has not exhausted his administrative remedies as to his claim that his sentence is miscalculated. Accordingly, this court is without jurisdiction to address the claim at this time, and the Motion to Dismiss, pursuant to Fed. R. Civ. P 12(b)(1), must be granted. Because Martin could still pursue administrative remedies as to his claim that his sentence is miscalculated, however, the court will dismiss the case without prejudice.[3]

The Clerk is directed to send copies of this Memorandum Opinion and the

---

[2] The exhibit details the declaration of the Supervisory Attorney for the Consolidated Legal Center located at the Federal Correctional Institution in Beckley, West Virginia. The Supervisory Attorney has access to SENTRY, the BOP's online information system. SENTRY tracks administrative remedy records for inmates at federal correctional facilities. Pursuant to the SENTRY record, no remedy data exists for Martin.

[3] The court notes, however, that Martin's claims lack merit. Merely being placed in the custody of the United States Marshal (as indicated on Martin's judgment order) or housed in a federal prison does not commence one's federal criminal sentence of imprisonment; after all, Martin is currently serving his D.C. sentence in federal prison. Title 18, Section 3568, of the United States Code directs that the sentence of a person convicted of a federal offense "shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence" (emphasis added) and that "no sentence shall prescribe any other method of computing the term." Because Martin's federal sentence was imposed to run consecutive to his D.C. life sentence, he cannot begin to serve the federal sentence unless he is paroled from the D.C. sentence or it is somehow set aside.

accompanying Order to Petitioner and to counsel of record for Respondent.

ENTER: This 7th day of September, 2007.

*/s/ James C. Turk*
Senior United States District Judge